FILED
SUPERIOR COURT
OF GUAM

2024 MAR -8 PM 5: 05

CLERK OF COURT

BY:_____ ᶿᵐ_____

**IN THE SUPERIOR COURT OF GUAM**

| SHEN WEI CONSTRUCTION COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>SIMPLE, LLC, DOES I-et al.,<br><br>Defendants. | CIVIL CASE NO. CV0554-21<br><br>**DECISION AND ORDER**<br>*Re: Defendant's Motion to Alter or Amend Judgment* |
| --- | --- |

This matter came before the Honorable Arthur R. Barcinas on a Motion to Alter or Amend Judgment ("Motion") filed by Defendant Simple, LLC ("Defendant"), on October 13, 2023. The Motion requests that the Court amend its October 6, 2023 Judgment to: (1) conform to the format prescribed in Guam Rules of Civil Procedure ("GRCP") Form 32; (2) include language to clarify that the mechanic's lien recorded by Plaintiff Shen Wei Construction Company ("Plaintiff") be released; and (3) award court costs and reasonable attorney's fees to Defendant pursuant to 5 GCA § 32109. Upon consideration of the briefings and the record, the Court **GRANTS** the Motion for the reasons below.

## BACKGROUND

On October 6, 2023, the Court issued its Findings of Fact and Conclusions of Law ("FFCL"), finding in favor of Defendant and determining that Plaintiff's Complaint failed

because Plaintiff did not meet its burden of proving its claims by a preponderance of the evidence. In the associated Judgment, the Court declined to award any attorney's fees or costs.

On October 13, 2023, Defendant filed the instant Motion. On December 12, 2023, Plaintiff filed its opposition to the Motion. On December 26, 2023, Defendant filed its reply. On January 16, 2024, the Court held a hearing on the Motion, and the parties agreed to submit on the briefs. The Court subsequently took the matter under advisement.

## DISCUSSION

Defendant files its motion to alter or amend the Judgment under GRCP 59(e). Pursuant to GRCP 59(e), any motion to alter or amend a judgment shall be filed no later than ten (10) days after entry of judgment. The motion having been so filed within ten days, the motion is timely and may be properly considered under GRCP 59(e).

### I. Legal Standard

Under the GRCP 59(e) standard, motions for reconsideration are appropriate where the trial court: (1) is presented with new evidence; (2) committed clear error or the decision was manifestly unjust; or (3) if there is an intervening change in controlling law. *Rong Chang Co., Ltd. v. M2P, Inc.,* 2012 Guam 1 ¶ 16.

### II. Defendant is entitled to attorney's fees and court costs.

Defendant argues that it is necessary to amend the judgment to "amend a manifest error of law or to prevent a manifest injustice." Mot., at 1. Defendant claims that "[t]he issues herein are not an attempt to present a new legal theory, raise new arguments for the first time, or present evidence. They are primarily to correct the form of the Judgment and to include statutory attorney's fees and costs to be awarded to Simple, LLC." *Id.* Defendant argues that it

is entitled to attorney's fees because he prevailed under the Deceptive Trade Practices –Consumer Protection Act ("DTPA"). Upon review, the Court agrees.

5 GCA § 32109 provides that each consumer who prevails under the DTPA shall be awarded court costs and reasonable and necessary attorney's fees. GRCP 4(d) grants the Court discretion to not allow costs, except when express provision is made in a Guam statute. Defendant requests that, because 5 GCA § 32109 is mandatory, the Court amend its judgment to include the award of attorney's fees and costs based on Plaintiff's violation of the DTPA.

Plaintiff disputes the award of attorney's fees and court costs, arguing that the operative word in § 32109 is "prevail," which, according to Plaintiff, is not defined under the DTPA, and the issue of when attorney's fees and costs must be awarded to a prevailing party under the DTPA has never been addressed by the Guam Supreme Court. Opp., at 5. Plaintiff cites to Texas law for its definition of "prevail," arguing that an award of attorney's fees and costs is not appropriate where the claimant is not awarded any damages. Opp., at 6 (citing *Cooper v. Lyon Financial Services., Inc.,* 65 S.W.3d 197 (Tex. 2001); *Gulf States Utilities Co. v. Low,* 79 S.W.3d 561 (Tex. 2002).

The Court does not find the Texas cases persuasive for two reasons. First, other jurisdictions with similarly-constructed DTPA statutes have held that damages are not necessary to award attorney's fees. *See, e.g., Goomai v. H&E Ent., LLC,* 2023 WL 7103191 ¶ 1 (Ct. App. Ohio) (holding that, for the purposes of awarding attorney's fees, "a party prevails on a DTPA claim when the finder of fact determines the statute has been violated, regardless of whether a damages amount is awarded to remedy the violation."); *Dennis Simmons, D.D.S., P.S. v. Modern Aero, Inc.,* 603 N.W.2d 336 (Ct. App. Minn. 1999) (interpreting that, for the purposes

of awarding attorney's fees, the "prevailing party" language applies only to a claim for injunctive relief under the DTPA).

Second, and more importantly, even if the Court does find that an award of damages is necessary to "prevail" and be awarded attorney's fees, the Court's FFCL explicitly states that Defendant sought in its counterclaim for damages caused, *inter alia*, by Plaintiff's violation of the DTPA. The Court finds this sufficient to meet any alleged statutory requirement for a damages amount, and to accordingly find that Defendant has prevailed under Plaintiff's theory.

Therefore, the Court finds, upon review, that it has erred in failing to consider 5 GCA § 32109, and **GRANTS** Defendant's Motion to Alter or Amend Judgment. The Court will amend its judgment to include reasonable attorney's fees and costs.

**III.    The Court grants Defendant's request to change the format and include the mechanic's lien language.**

As to the form of the Judgment, Defendant argues that Local Rule of the Superior Court of Guam ("CVR") 58.1(a) states that a judgment should as much as possible follow the basic format in GRCP Form 32. Defendant states that the Form 32 format includes stating the amount of damages, the statutory interest, and the award of costs and attorney's fees if appropriate based on statute. Defendant further requests that the following language be included in the judgment to make clear that the mechanic's lien recorded by Plaintiff is released:

> It is accordingly ordered and adjudged that Plaintiff take nothing against Simple, LLC, nor against the property of Simple, LLC, nor shall the alleged lien be foreclosed against the property of Simple, LLC, is fully satisfied and discharged, and Simple, LLC's property, described as: Lot 27, Block 1, Tract 2595, Talofofo, Guam, is released from each and all of the liens, claims, and demands.

In its opposition, Plaintiff does not dispute the requested format change or the included mechanic's lien language, but only disputes the award of attorney's fees and

court costs. There being no dispute, and the Court having granted Defendant's motion to amend, the Court will additionally amend its judgment to accommodate the Form 32 format and mechanic's lien language.

### CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's Motion to Alter or Amend Judgment. Accordingly, the Court **RESCINDS** its previous Judgment, and will file an Amended Judgment in accordance with GRCP Form 32, to include reasonable attorney's fees and the above language concerning the mechanic's lien. Prior to the issuance of this Amended Judgment, the Court **ORDERS** Plaintiff to submit a Statement of Attorney's Fees and Costs ending on October 6, 2023, when the Judgment was issued, and to attach all invoices, receipts, and other supporting documentation indicating all services for which were charged and were actually and necessarily performed.

**IT IS SO ORDERED** _____MAR 0 8 2024_____.


**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**